**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Shaine Carl Cagle, | ) | No. CV 16-111-TUC-DCB (LAB) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Charles L. Ryan; et al., | ) | |
| Respondents. | ) | |

Pending before the court is a second amended petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on July 7, 2016, by Shaine Carl Cagle, an inmate confined in the Arizona State Prison Complex in Florence, Arizona.  (Doc. 33)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition.  Cagle's claims are procedurally defaulted.

Summary of the Case

Cagle was shopping at Wal-Mart when he carried his items past the cashiers and headed toward the exit. (Doc. 46, pp. 10-11)  When Wal-Mart personnel tried to stop him from leaving, he threatened them with a knife.  *Id.*  After his arrest, police located Cagle's vehicle in the parking lot. (Doc. 46, pp. 5-6)  They found firearms in the vehicle, and Cagle was charged with being a prohibited possessor in addition to armed robbery and aggravated assault.  *Id.*;  (Doc. 43, pp. 3-4)

1    Cagle pleaded guilty, pursuant to a plea agreement, to one count of armed robbery.  (Doc.
2    43-6, p. 3)  He was sentenced to a 5-year term of incarceration.  *Id.*

3    On May 28, 2014, Cagle filed notice of post-conviction relief, but counsel was unable
4    to find any meritorious issues.  (Doc. 44, pp. 3, 10)  He filed a petition pro se on January 17,
5    2013.  (Doc. 16-1, p. 11)  In that petition, Cagle asserted in 18 claims why he was entitled to
6    relief.  (Doc. 44-3, pp. 2-5);  (Doc. 45, pp. 5-18)  The trial court denied the petition ruling,
7    among other things, that Cagle "voluntarily, knowingly, and intelligently enter[ed] into the plea
8    agreement."  (Doc. 46, pp. 13-18)  The court further found trial counsel was not ineffective for
9    failing to evaluate his mental competency.  *Id.*

10   Cagle filed a petition for review on August 31, 2015, in which he presented 22 issues for
11   review.  (Doc. 47, pp. 3-14)  The Arizona Court of Appeals granted review but denied relief
12   on December 1, 2015.  (Doc. 48, p. 20)  The court found Cagle's issues were waived because
13   "he presents no meaningful arguments and, for many of his claims, instead seeks to incorporate
14   by reference his petition for post-conviction relief."  (Doc. 48, p. 21)  The court further
15   explained, "That procedure is not permitted by our rules." *Id.*  In the alternative, the court found
16   that the trial court "correctly rejected Cagle's claims in a thorough and well-reasoned minute
17   entry, which we accordingly adopt."  (Doc. 48, p. 22)

18   On February 26, 2016, Cagle filed a petition for writ of habeas corpus in this court.  (Doc
19   1)  He filed an amended petition on May 5, 2016.  (Doc. 26)  He filed the pending second
20   amended petition on July 7, 2016.  (Doc. 33)  He raises nine claims: (1) competency, (2)
21   ineffective assistance of counsel, (3) prosecutorial misconduct, (4) conflict of interest, (5) abuse
22   of discretion, (6) judicial bias, (7) structural/plain/fundamental errors, (8) presentence report,
23   (9) cumulative errors.  (Doc. 33, pp. 1-37)  Cagle asserts he raised all of his claims before the
24   Arizona Court of Appeals.[1]  *Id.*

25

26        [1] Cagle's initial petition was written on the court supplied habeas petition form.  (Doc. 1)  The
27   second amended petition was written freehand but employs the same structure for each Ground: "(a)
     Supporting FACTS . . .  (b) Did you present the issue raised in [this Ground] to the Arizona Court of
28   Appeals? Yes/No;  (c) If yes, did you present the issue in a: Direct appeal, First petition, Second

1     In their answer, the respondents argue Cagle's claims are waived or procedurally

2  defaulted.  (Doc. 42)  In the alternative, the respondents argue Cagle's claims should be denied

3  on the merits.  *Id.*

4     The respondents are correct.  Cagle failed to properly exhaust his issues below.  They

5  are procedurally defaulted.  The court does not reach the respondents' alternate arguments.

6

7     Discussion

8     The writ of habeas corpus affords relief to persons in custody in violation of the

9  Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  If the petitioner is

10 in custody pursuant to the judgment of a state court, the writ will not be granted unless prior

11 adjudication of the claim –

12     (1) resulted in a decision that was contrary to, or involved an unreasonable
       application of, clearly established Federal law, as determined by the Supreme
13     Court of the United States; or

14     (2) resulted in a decision that was based on an unreasonable determination of the
       facts in light of the evidence presented in the State court proceeding.
15
16 28 U.S.C. § 2254(d).  The petitioner must shoulder an additional burden if the state court

   considered the issues and made findings of fact.
17
18     In a proceeding instituted by an application for a writ of habeas corpus by a
       person in custody pursuant to the judgment of a State court, a determination of
19     a factual issue made by a State court shall be presumed to be correct. The
       applicant shall have the burden of rebutting the presumption of correctness by
20     clear and convincing evidence.

21 28 U.S.C.A. § 2254 (e)(1).

22     "[The] standard is intentionally difficult to meet." *Woods v. Donald*, 135 S.Ct. 1372,

23 1376 (2015). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only

24 the holdings, as opposed to the dicta, of th[e] Court's decisions." *Id.*

25 _____

26 petition, [or] Third petition; (d) If you did not present the issue in [this Ground] to the Arizona Court
   of Appeals, explain why; (e) Did you present the issue in [this Ground] to the Arizona Supreme Court?
27 Yes/No." *Id.*  For each Ground, except for Ground 3, Cagle answers "(b) Yes;  (c) First Petition;  (d)
   NA;  (e) No."  (Doc. 33)  For Ground 3, Cagle answers "(b) Yes; (c) First Petition; (e) No" omitting
28 entry (d) NA. *Id.*

A decision is "contrary to" Supreme Court precedent if that Court already confronted "the specific question presented in this case" and reached a different result. *Woods*, 135 S.Ct. at 1377. A decision is an "unreasonable application of" Supreme Court precedent only if it is "objectively unreasonable, not merely wrong; even clear error will not suffice." *Id*. at 1376. "To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. (punctuation modified).

If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal habeas review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). "Fair presentation requires that the petitioner describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Id*. (punctuation modified)

The petitioner must explicitly alert the state court that he is raising a *federal* constitutional claim. The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

1    If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona and

2    did not receive a capital sentence, he must present his claims to the Arizona Court of Appeals

3    for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818

4    (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000).

5    If state remedies have not been exhausted, the petition may not be granted and ordinarily should

6    be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the

7    court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28

8    U.S.C. § 2254(b)(2).

9    A claim is "procedurally defaulted" if the state court declined to address the issue on the

10    merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

11    Procedural default also occurs if the claim was not presented to the state courts, and it is clear

12    the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

13    Procedural default may be excused if the petitioner can "demonstrate cause for the

14    default and actual prejudice as a result of the alleged violation of federal law, or demonstrate

15    that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v.*

16    *Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). A fundamental miscarriage of justice results

17    "where a constitutional violation has probably resulted in the conviction of one who is actually

18    innocent." *Murray v. Carrier*,  477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).

19

20    <u>Discussion</u>

21    Cagle states that he presented all of his claims to the Arizona Court of Appeals. (Doc.

22    33) Assuming he did so, all of his claims are procedurally defaulted. *See Franklin v. Johnson*,

23    290 F.3d 1223, 1230 (9th Cir. 2002).

24    The Arizona Court of Appeals found that all of the claims Cagle raised in his petition for

25    review were waived stating as follows:

26    [H]e presents no meaningful arguments and, for many of his claims, instead seeks
     to incorporate by reference his petition for post-conviction relief. That procedure
27    is not permitted by our rules. Nor do we address claims unsupported by relevant
     authority and meaningful argument.
28

- 5 -

(Doc. 48, p. 21)  (internal citation omitted)  The court cited *State v. Stefanovich*, 232 Ariz. 154, 158, 302 P.3d 679, 683 (App. 2013), which cites to Ariz.R.Crim.P. 32.9(c)(1)(iv).  *See Wood v. Ryan*, 693 F.3d 1104, 1117 (9th Cir. 2012)  ("Arizona law requires that a petitioner present the issues and material facts supporting a claim in a petition for review and prohibits raising an issue through incorporation of any document by reference, except for appendices.");  *see also State v. Moore*, 125 Ariz. 528, 529, 611 P.2d 115, 116 (App. 1980)  ("[Rule 32] was not written with the purpose of enabling criminal defendants, after conviction and appeal, to 'shotgun' issues in the outside hope that a court might find some error in the case.").  Cagle's claims are therefore procedurally defaulted.  *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002); *see, e.g., Cabrera-Somosa v. Ryan*, CV 14-1202-PHX-SRB, 2014 WL 5488980, at *13 (D. Ariz. 2014), report and recommendation adopted, CV-14-01202-PHX-SRB, 2014 WL 7272473 (D. Ariz. 2014)  (Petitioner's claims were procedurally defaulted because the Arizona Court of Appeals denied review for failing to comply with Ariz.R.Crim.P.32.9(c)(1).).

The Arizona Court of Appeals went on to state as follows:  "In any event, we have reviewed Cagle's petition below, the record, and the trial court's ruling and conclude the court correctly rejected Cagle's claims in a thorough and well-reasoned minute entry, which we accordingly adopt."  (Doc. 48, p. 22)  This alternate holding, on the merits, does not vitiate the court's procedural bar.  *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989); *Zapata v. Vasquez*, 788 F.3d 1106, 1112 (9th Cir. 2015).

Cagle did not file a reply arguing his procedural default should be excused.


RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the petition for writ of habeas corpus.  (Doc. 1)  All issues are procedurally defaulted.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.  If objections are not

timely filed, they may be deemed waived.  A Response to an objection is allowed, but a Reply to a Response is not allowed without permission from the District Court.

DATED this 18th day of January, 2017.

Leslie A. Bowman
United States Magistrate Judge